IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK K. GROOMS,

      Plaintiff,

vs.

MARQUETTE TRANSPORTATION
COMPANY, LLC, BLUEGRASS MARINE,
INC. and M/V RAY A. ECKSTEIN, *in rem*,

      Defendants.

Case No. 14-cv-603-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Marquette Transportation Company, LLC ("Marquette Transportation"), Bluegrass Marine Inc. ("Bluegrass Marine"), and M/V *Ray A. Eckstein*'s Motion to Compel Arbitration (Doc. 13). Plaintiff filed his response (Doc. 19) to Defendants' motion. For the following reasons the Court grants Defendants' motion.

Bluegrass Marine, which merged with Marquette Transportation on October 1, 2011, hired Plaintiff as a deckhand and crew member of the M/V *Ray A. Eckstein* on September 14, 2010. As part of his employment, Bluegrass required Plaintiff to sign an arbitration agreement that states in pertinent part:

> The first thing you should know about the Dispute Resolution Program is that it requires that all disputes between you and Bluegrass that are covered by the Program be resolved through arbitration and not in a court of law. In return for your agreement to be bound by the Dispute Resolution Program, Bluegrass will consider your application for employment. If you do not agree to be bound by the Dispute Resolution Program, then Bluegrass cannot further consider you for employment.
>
> . . .
>
> In consideration for Bluegrass considering your application and conditionally offering you employment, you and Bluegrass agree that all claims between you

>and Bluegrass will be arbitrated as provided by the Federal Arbitration Act ("FAA") or the law of the state where you reside and/or are employed. This Program includes claims for maintenance and cure and those brought under the Jones Act.

Doc. 2-1, p. 1, 3. The agreement's footer stated it was a "Conditional Offer of Employment."

On or about July 29, 2011, while the vessel was afloat on the Mississippi River, Plaintiff was severely injured when his leg was crushed between a barge and the M/V *Ray A. Eckstein*'s line deck. Plaintiff filed suit under the Jones Act, 46 U.S.C. §§ 30101-06 and general maritime law. Defendants filed their Counterclaim seeking a declaration from this Court that Plaintiff is bound by the arbitration agreement and his claims are only properly brought in arbitration. In response, Plaintiff argues he cannot be compelled to bring his claims in an arbitral forum.

Because the foregoing contract is an employment contract of a seaman, the Federal Arbitration Act does not apply. *See Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 842 (7th Cir. 2009). The arbitration clause, however, may be enforceable under the Illinois Uniform Arbitration Act, 710 ILCS 5/1 to 5/23. *Id.* Plaintiff argues that the Jones Act incorporates Section 5 of the Federal Employers Liability Act ("FELA") which prohibits enforcement of the arbitration agreement under the Illinois Uniform Arbitration Act.

The Jones Act provides in relevant part:

>A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

46 U.S.C. § 30104. The Supreme Court has held that "the Jones Act adopts 'the entire judicially developed doctrine of liability' under the [FELA]." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 345 (1994) (quoting *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 439 (1958)); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). As the Seventh Circuit similarly

acknowledged, the Jones Act "by its terms extends the protections of the [FELA] to seamen, and thus FELA caselaw is broadly applicable in the Jones Act context." *Sobieski v. Ispat Island, Inc*. 413 F.3d 628, 631 (7th Cir. 2005). Section 5 of the FELA provides that "[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any civil liability by this chapter shall to that extent be void." 45 U.S.C. § 55.

Plaintiff argues that Section 5 of FELA is thus incorporated into the Jones Act making void the arbitration agreement because it will cause Plaintiff to forego the aforementioned substantive statutory rights. This argument, however, is contrary to the Supreme Court explanation that:

> [b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum. It trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration. We must assume that if Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum, that intention will be deducible from text or legislative history. *See Wilko v. Swan,* [346 U.S. 427, 434-35 (1953)]. Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.

*Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

Here, Plaintiff did not forego any substantive rights by agreeing to arbitrate his claims. Rather, he is simply submitting to their resolution through arbitration. Further, Congress did not express its intention that the rights afforded under the Jones Act be protected against waiver of the right to a judicial forum. The Court also notes that other courts have similarly concluded that Section 5 does not prohibit seaman arbitration agreements under state law. *See Harrington v. Atlantic Sounding Co.*, 602 F.3d 113, 123-24 (2d Cir. 2010); *O'Dean v. Tropicana Cruises Int'l, Inc.*, No. 98 Civ. 4543(JSR), 1999 WL 335381, at *1 (S.D.N.Y. 1999). Moreover, in *Sherwood*

3

*v. Marquette Transp. Co., LLC*, 587 F.3d 841, 845 (7th Cir. 2009), the Seventh Circuit indicated that this particular arbitration agreement would be enforceable under state law.  Accordingly, the Court finds that the arbitration agreement contained in Plaintiff's employment contract is not unenforceable as a matter of law.  As such, the Court dismisses this case.  *See Nat'l Loan Exchange, Inc. v. LR Receivables Corp.*, 08-cv-527-GPM, 2009 WL 466459, at *4 (S.D. Ill. Feb. 25, 2009) ("In general, where, as here, all of the claims in a case are subject to arbitration, the better practice is to dismiss the case.").

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Compel Arbitration (Doc. 13), **DENIES** Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 20) as moot, and **DISMISSES** this case without prejudice.

**IT IS SO ORDERED.**

**DATED:** February 17, 2015

                                                    s/ Staci M. Yandle
                                                    **STACI M. YANDLE**
                                                    **DISTRICT JUDGE**